IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THE NEENAN COMPANY, LLLP, a Colorado Limited Liability Limited Partnership; <br><br> Plaintiff, <br><br> vs. <br><br> GERHOLD CONCRETE COMPANY, INC., a Nebraska Domestic Corporation; <br><br> Defendant. | **8:18CV90** <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on the defendant's motion for summary judgment, Filing No. 22; plaintiff's motion to strike the reply brief, Filing No. 30[1]; and defendant's second motion for leave to supplement the summary judgment record, Filing No. 38.[2] Plaintiff filed this action on February 26, 2018. The case involves an alleged breach of contract, indemnity issues, and breach of express and implied warranties. Filing No. 9, Amended Complaint, Ex. 1. Plaintiff also requests declaratory relief.

**BACKGROUND**

This case centers around the construction of the Cambridge Memorial Hospital in Cambridge, Nebraska ("Project"). Plaintiff Neenan Company ("Neenan") was the designer and general contractor on the Project. Defendant Gerhold Concrete Company

---

[1] Plaintiff moves to strike defendant's reply brief on the basis that defendant filed the brief four days late. Defendant disagrees and states it timely filed the brief. At most, the brief was only four days late. The Court finds no undue prejudice from the delay, if any. The Court will deny the motion.

[2] Defendant moves to file a supplemental summary judgment record. Defendant wants to supplement the record with the motion to dismiss in case *Cambridge Memorial Hospital Inc. v. The Neenan Company, LLLP*, 19cv3062, Filing No. 10, filed by Neenan. *See* Filing No. 38, Ex. I, in 18cv90. Likewise, defendant asks this court to allow it to include the brief in support of motion to dismiss filed in the *Cambridge* case by Neenan at Filing No. 12 in that case. *See* Filing No. 18cv90, Ex. J. The Court has reviewed both documents and will grant the motion.

1

("Gerhold") was the subcontractor for the Project. Gerhold, as supplier, contracted to purchase goods in the form of concrete to be used in pouring slab on grade flooring for the Project. Neenan issued a purchase order to Gerhold on September 10, 2009 for furnishing concrete for the Project. Gerhold delivered concrete to the Cambridge Hospital site beginning on or about October 27, 2009 and continuing through March 1, 2010. Neenan alleges nearly 10 years later that the concrete was defective, which prohibits the flooring from properly adhering. Each delivery ticket included terms and conditions for delivery, including the following:

> "Except as otherwise provided by written agreement subsequently executed by both Buyer and Seller, these Terms and Conditions, and the terms in Seller's invoices, shall supersede the terms and conditions of Buyer's order (including, without limitation, any statement that Buyer's terms or conditions are to take precedence over any contrary provisions)….Acceptance or delivery of the Products hereunder shall constitute acceptance of these terms and conditions."
>
> Except for the warranty that the goods are made in a workmanlike manner, SELLER MAKES NO WARRANTY EITHER EXPRESS OR IMPLIED, AND ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE WHICH EXCEEDS THE FOREGOING WARRANTY IS HEREBY DISCLAIMED BY SELLER AND EXCLUDED FROM THIS AGREEMENT."

Filing No. 24-3, Ex. B, generally (emphasis in original). Plaintiff contends it notified defendant on February 26, 2016, that the floor was bubbling. Defendant argues that previous emails show complaints regarding the flooring were raised as early as May of 2012. Filing No. 25-4 Ex. G. Cambridge Hospital asserted, in its related lawsuit[3], that Neenan is "barred under theories of promissory estoppel from raising any affirmative defense on the statute of limitations" due to promises made by Neenan to Cambridge Hospital through March 2016. Filing No. 25-2, Ex. E, para. 17-18.

---

[3] The related case of *Cambridge Memorial Hospital v. The Neenan Company, LLP*, 4:19cv3062 has settled. *See* Filing Nos. 36 and 37.

On May 2, 2016 Cambridge Hospital filed a suit against Neenan in the District Court of Furnas County, Nebraska alleging breach of contract and warranties. Neenan then sued Gerhold later in this case.

**STANDARD OF REVIEW**

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

"The movant 'bears the initial responsibility of informing the district court of the basis for its motion and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" Torgerson v. City of Rochester, 643 F.3d 1031, 1042, (8th Cir. 2011) (en banc) (quoting Celotex, 477 U.S. at 323). If the movant does so, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" Id. (quoting Celotex, 477 U.S. at 324).

"A genuine dispute of material facts exists when "factual issues . . . may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If "reasonable minds could differ as to the import of the evidence," summary judgment should not be granted. *Id.* at 251. In the summary judgment context, the Court views the facts and draws all reasonable inferences in favor of the nonmoving party. *Oglesby v. Lesan*, 929 F.3d 526, 532 (8th Cir. 2019). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Torgerson,* 643 F.3d at 1042; see *Anderson*, 477 U.S. at 255.

**DISCUSSION**

Gerhold contends that the claims for declaratory judgment and breach of contract are precluded by the statute of limitations for actions based in written contract. *See* Neb. Rev. Stat. § 25-205 (2018). Gerhold also asserts that Neenan's claims for breach of warranty are precluded by the statute of limitations for actions based on breach of written warranty. *See* Neb. Rev. Stat. § 25-223 (2018). Third, Gerhold states that Neenan's claim for indemnity is based on breach of contract, rather than negligence, and should be dismissed for failing to state a claim on which relief can be granted. Gerhold contends that the contract was drafted, executed and fully performed through documents and deliveries from September 10, 2009 to March 1, 2010.

**a. Statute of limitations – breach of contract**

First, argues Gerhold, the breach of contract and declaratory judgment actions are governed by a five-year statute of limitations on actions arising from breach of a written contract (occurrence rule). *See* Neb. Rev. Stat. § 25-205 (2018). "[A] cause of action

4

accrues at the time of the breach or failure to do the thing agreed to, irrespective of any knowledge on the part of the plaintiff or of any actual injury occasioned to him or her." *Cavanaugh v. City of Omaha*, 254 Neb. 897, 901, 580 N.W.2d 541, 544 (Neb. 1998). The Cambridge Hospital, states Gerhold, contacted plaintiff no later than May 2012, and Gerhold argues that under any scenario, the statute of limitations expired in May 2017, well before this suit was filed. Plaintiff knew, argues Gerhold, at least by May 2012 of the defects in the concrete and flooring. Thus, Gerhold argues, a breach occurred eight years prior to this lawsuit at the time of delivery.

Neenan argues that the Uniform Commercial Code (U.C.C.) applies in this case. The statute of limitations for a breach of contract action must be commenced within four (4) years after the cause of action has accrued. Neb. U.C.C. § 2-725(1).[4] A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. Neb. U.C.C. § 2-725(2). Under these sections and under Nebraska law, argues Neenan, breach can occur on a date other than delivery of the goods at issue. Neenan contends that the action accrued when the alkali-silica reactivity

---

[4] The general statute of limitations applicable to actions on written contracts is Neb. Rev. Stat. § 25–205 (Reissue 1989), which provides in pertinent part: "[A]n action upon ... any agreement, contract or promise in writing ... can only be brought within five years."

However, there is a special statute of limitations for an action based on a contract for the sale of goods governed by the Uniform Commercial Code:
(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.
Neb. U.C.C. § 2–725 (Reissue 1980). The "comment" for U.C.C. § 2–725 states, "This article takes sales contracts out of the general laws limiting the time for commencing contractual actions and selects a four year period as the most appropriate to modern business practice."
*Murphy v. Spelts-Schultz Lumber Co. of Grand Island*, 240 Neb. 275, 282–83, 481 N.W.2d 422, 428 (1992) (emphasis added).

(ASR) in the Gerhold concrete began to cause pop-outs in the slab at Cambridge Hospital. Under that scenario, Neenan argues that the cause of action accrued no earlier than November 4, 2015, the date of the first occurrence notification to Gerhold. The same date of the blistering/bubbling/pop-out issues with the flooring.

Gerhold responds that even under the U.C.C. § 2-725, contracts for sale, the statute of limitations is four years after the cause of action has accrued. It is actually more restrictive, argues Gerhold, than the Nebraska statutory limitations period. Neenan's cause of action, filed on February 26, 2018, is about eight years after the alleged breach. Neenan was notified as early as May 2012, argues Gerhold, of the flooring issues at Cambridge Hospital.

**b. Statute of limitations - warranty**

Second, Gerhold contends the warranty[5] actions are likewise time-barred. An action brought to recover damages based on an alleged breach of warranty on improvements to real property must be brought within four years of the alleged act or omission giving rise to the claim. *See* Neb. Rev. Stat. § 25-223 (2018). Unlike the occurrence rule, this statute is based on the discovery rule. The statute of limitations is four years, but to the extent the breach is not discovered or could not be discovered within

---

[5] The warranty in question states:
WARRANTIES. [Gerhold] warrants to Neenan that it has fully reviewed the provisions, specifications, drawings, samples or other descriptions contained in the [Purchase] Order or Neenan's request. [Gerhold] warrants to Neenan that the materials or services shall be free from defects and faulty workmanship, shall be of the quality specified, shall be fit and appropriate for the purpose intended, and shall conform to the provisions, specifications, performance standards, drawings, samples or other descriptions contained herein or in Neenan's request. [Gerhold] further warrants that the materials will be complete in all respects necessary to make the materials fully functional if installed in accordance with industry standards. All warranties implied by law or usage of trade are incorporated into this [Purchase] Order and shall apply to services and materials ordered. The materials are ordered by Neenan in reliance on each and all of the warranties and guarantees specified herein and implied by law or usage of trade. Neenan's remedies pursuant to this paragraph are in addition to, and not a limitation on, all other remedies allowed by law. Filing No. 24-2.

6

the first three years, the action must be started within two years of the discovery or when it should have been discovered. When viewing the light in the most favorable way for the plaintiff, Gerhold contends that Neenan had notice of a warranty claim no later than February 25, 2016, which would mean the lawsuit had to be brought by February 25, 2018. The lawsuit was filed on February 26, 2018.

Neenan disagrees with the defendant. Neenan argues that under the U.C.C., a breach of warranty occurs when delivery is made, except where a warranty explicitly extends to future of performance of the goods and discovery of the breach has to await the time of such performance when the breach should have been discovered. Neb. U.C.C. § 2-725(2). Neenan also contends that the warranty states in part that "[Gerhold] further warrants that the materials will be complete in all respects necessary to make the materials fully functional if installed in accordance with industry standards." Filing No. 24-2. *See Econ. Hous. Co. v. Cont'l Forest Prod., Inc.*, 757 F.2d 200 (8th Cir. 1985) (where court applied Nebraska law in buyer's action against seller of plywood siding for breach of warranty and found genuine issue of material fact existed as to whether warranty explicitly extended to future performance of the goods, and whether limitations period had run, precluding summary judgment); *Allan v. Massey-Ferguson, Inc.*, 221 Neb. 528, 378 N.W.2d 664 (1985) (whether discovery exception tolled four-year statute of limitations for breach of warranty claim were issues of material fact, precluding summary judgment). Neenan argues it did not receive any correspondence from Cambridge Hospital until November 4, 2015. Thus, it argues, there is a genuine issue of fact as to whether Neenan knew or should have known**.**

Neenan further argues that Gerhold's reliance on Neb. Rev. Stat. § 25-223 is misplaced as it applies only to homebuilders.  See *Thomas v. Countryside of Hastings, Inc.*, 2 Neb. App. 590, 593, 512 N.W.2d 660, 664, rev'd, 246 Neb. 907, 524 N.W.2d 311 (1994); *Georgetowne Ltd. P'ship v. Geotechnical Servs., Inc.*, 230 Neb. 22, 430 N.W.2d 34 (1988).

For the same reasons discussed above, Gerhold argues the breach of warranty claims are time-barred.  Where a supplier of building materials does not explicitly warrant any future performance of those materials, the statute of limitations bars any claims asserted four years after delivery of materials.  *Murphy v. Spelts-Schultz Lumber Co. of Grand Island*, 240 Neb. 275, 287, 481 N.W.2d 422, 430 (1992).  When applying § 2-275, both breach of express and implied warranties are time barred states Gerhold.  The warranties, argue Gerhold, do not specify a warranty for future performance for a period of time.

### c.  Statute of limitations - indemnity

Third, with regard to the indemnity claim, Gerhold argues that this claim is based on breach of contract, not negligence, and fails to state a claim for which relief can be granted.  Gerhold argues that this is an attempt to make an end-run around the statute of limitations issue by defining this as a negligence issue.  See *Lesiak v. Central Valley Ag Co-op., Inc.*, 283 Neb. 103, 121-22, 808 N.W.2d 67, 82 (2012).  "Nebraska has long held that a claim for indemnity accrues at the time the indemnity claimant suffers loss or damage." *Dutton-Lainson Co. v. Continental Ins. Co.*, 271 Neb. 810, 825, 716 N.W.2d 87, 100 (2006) (citing *City of Wood River v. Geer-Melkus Constr. Co.*, 233 Neb. 179, 444 N.W.2d 305 (1989)).

Neenan disagrees and argues that the Nebraska Supreme Court has held that the statutes of limitation set forth Neb. U.C.C. § 2-725 are inapplicable to claims in which a party seeks indemnification on a contract of sale. *See City of Wood River v. Geer-Melkus Const. Co.*, 233 Neb. 179, 189, 444 N.W.2d 305, 311 (1989); *Hillcrest Country Club v. N.D. Judds Co.*, 236 Neb. 233, 247, 461 N.W.2d 55, 64 (1990).

The following clause is at issue in this regard:

> INDEMNITY. Seller will indemnify, hold harmless, and defend Neenan and project owner against any and all losses, damages, liabilities and claims of any kind whatsoever, including actual attorney's fees and experts' or consultants' fees, **which arise directly or indirectly from the negligent performance or nonperformance of this order** including, but not limited to, losses of any materials ordered hereunder and injured to property and to persons, including death. This indemnity applies regardless of any active and/or passive negligent act or omission of Neenan, the project owner, or their agents or employees. Seller, however, shall not be obligated under this Order to indemnify, defend or hold harmless Neenan or the project owner for the portion of negligence or willful misconduct of Neenan or the project owner or their agents or employees. The indemnity set forth in this paragraph shall not be limited by the insurance requirements set forth in Paragraph 15 and shall survive termination or performance of this Order.

*See* Filing No. 9, Amended Complaint, ¶ 37 (emphasis added). Gerhold agrees the contribution clause requires a negligent act or omission but argues that Neenan only alleges violation of the contract with Gerhold. Gerhold states this is crucial as a recent Nebraska Supreme Court would not permit a party to change its breach of contract action to a contribution claim to extend the statute of limitations. *Keith v. Data Enterprises, Inc.*, 27 Neb. App. 23, 34, 925 N.W.2d 723, 732 (2019) ("Keith cannot save any separate causes of action for contract and tort against DCR by trying to retitle them as indemnity claims; the district court properly concluded that these claims were barred by the statute

of limitations"). Thus, argues Gerhold, this claim is likewise barred by the five-year statute of limitations.

Neenan disagrees with the analysis as presented by Gerhold. Neenan argues that the claims in this case are governed by the Nebraska Uniform Commercial Code, and there are material facts to be decided regarding the contract action and, hence, the indemnity clause.

**CONCLUSION**

With regard to each of these claims, the Court finds that there are, at this time, material facts in dispute. For example, it is not clear from the record when plaintiff knew or should have known of the breach. The parties clearly dispute this issue. It is clear to the Court this contract reasonably requires future performance. Specifically, the contract warrants the materials meet industry standards. The pivotal issue is when the plaintiff knew or should have known of the alleged breach. The defendant submitted no expert testimony substantiating its assertion that early complaints about concrete by the owner put the plaintiff on notice of an alleged breach of contract for faulty materials rather than installation workmanship. The plaintiff contends the concrete did not meet industry standards and was not fit for purpose. The plaintiff alleges discovery within the four-year statute of limitations proscribed by the UCC. As a result, the Court will deny the summary judgment motion.

The issue of common law contribution and indemnity does not appear to be before the court at this time. The Court however notes that a claim for either does not arise until the claimant suffers a loss.

The Court's ruling herein does not preclude the defendant from raising the statute of limitations issue at trial.

**THEREFORE, IT IS ORDERED THAT:**

1. Defendant's motion for summary judgment, Filing No. 22, is denied at this time but is subject to reassertion at trial, if appropriate.

2. Plaintiff's motion to strike the defendant's reply brief, Filing No. 30, is denied.

3. Defendant's second motion to file supplemental record, Filing No. 38, is granted.

Dated this 9th day of March, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge